[Civ. No. 40062. First Dist., Div. One. Apr. 6, 1978.]

CIVIL SERVICE ASSOCIATION, LOCAL 400, SERVICE
EMPLOYEES INTERNATIONAL UNION, AFL-CIO et al.,
Plaintiffs and Respondents, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Appellants.

**COUNSEL**

Thomas M. O'Connor, City Attorney, and Michael C. Killelea, Deputy City Attorney, for Defendants and Appellants.

Neyhart, Anderson & Nussbaum, Neyhart & Anderson and Peter Nussbaum for Plaintiffs and Respondents.

**OPINION**

**ELKINGTON, J.**—The San Francisco Unified School District had a class of employees, other than teachers, whose work assignments did not cover the summer, Christmas, and Easter school vacation periods. During those periods such employees were in a "nonpay status," but they were not separated from the school service, nor were they rehired as new employees when school resumed. They were "never terminated in their employment," and were in "continuous service" throughout the year.

Such employees are described by the parties, and will sometimes be described by us, as "school term" employees.

The city's charter, section 8.440, subdivision (a), as relevant, provides:

"(a) Every person employed in the city and county service shall be allowed a vacation with pay annually, *as long as he continues in his employment,* as follows:

"(1)  After one year's continuous service, ten working days.

"(2)  After five years' continuous service, fifteen working days.

"(3)  After fifteen years' continuous service, twenty working days." (Italics added.)

The city acting under certain administrative code provisions (discussed below) did not allow its school term employees the full paid vacations as provided by charter section 8.440, subdivision (a). Rather, it gave them "a pro-rata vacation allowance of eight (8) working days [instead of 10] after one year's continuous service; twelve (12) working days [instead of 15] after five (5) years continuous service; and seventeen (17) working days [instead of 20] after fifteen (15) years continuous service . . . ."

At issue in the superior court was whether the school term employees were entitled to the full vacation periods provided by charter section 8.440, subdivision (a). The court concluded that they were, and judgment was entered accordingly. The several defendants (to whom we refer collectively as the city) have appealed from the judgment.

■ Our task is the construction of the city's pertinent charter and ordinance provisions. We are, of course, not bound by the expressed interpretations of the superior court; we must make our own determination. (*Hall* v. *City of Taft,* 47 Cal.2d 177, 188 [302 P.2d 574].)

■ We observe initially that the city's charter, section 8.440, subdivision (g), states: "(g) The board of supervisors shall enact any and all ordinances necessary to administer, interpret and regulate the provisions of subsections (a) through (f) of this section."

Pursuant to this authority, the city's board of supervisors' "vacation ordinance" (§ 16.10, subd. (d)) defines "continuous service" in this manner:

"(d) 'Continuous service . . .' shall be considered to be continuous if during such period there is no permanent separation from the service."

No contention is made that section 16.10, subdivision (d) is invalid, nor do we find it to be. And the city concedes: "If Section 16.10(d) is interpreted as an isolated section, then [school term] employees, even though they are on leave without pay [during school vacation periods] would be entitled to a full annual vacation with pay."

We are in agreement with that concession of the city, for charter section 8.440, subdivision (a) confirms full vacation rights to a city employee "as long as he continues in his employment," while vacation ordinance section 16.10, subdivision (d) provides that one "continues in his employment" if "there is no permanent separation from the service." The uncontroverted evidence, and the parties' stipulation, established that in the case of school term employees "there is no permanent separation" from the service.

But the city contends that section 16.10, subdivision (d) of the vacation ordinance must be read together with another provision of that ordinance, section 16.11, subdivision (b). So read, it is argued, the vacation ordinance manifestly denies full vacations to the city's school term employees. We find the contention invalid.

Vacation ordinance section 16.11, subdivision (b) provides that the vacation allowance of charter section 8.440, subdivision (a) "shall be reduced by one-twelfth of the total annual vacation allowance for each twenty-six accumulated *working days of absence* without pay since the last vacation, . . ."[1] (Italics added.)

---

[1] The full text of vacation ordinance section 16.11, subdivision (b) follows: "(b) Vacation allowance provided for in Section 8.440 of the Charter shall be awarded every January 1 and shall be reduced by one-twelfth of the total annual vacation allowance for each twenty-six accumulated working days of absence without pay since the last vacation, except as provided in (c) below; provided, however, that no reduction shall be made for the first fifty-two working days of absence without pay while on any authorized leave, nor for any period in which an employee is absent due to suspension or Workmen's Compensation. The total amount of reduction shall be adjusted to the nearest one-half day. Such days of absence need not be consecutive. Where applicable, thirty calendar days of absence shall be used for the purpose of this subsection in lieu of twenty-six working days."

It will thus be seen that section 16.11, subdivision (b) applies only to *working days* during which an employee of the city may be absent from his job. The days of unemployment here at issue were obviously, and concededly, not working days; they were the *nonworking days* of the city's school year vacation periods. The plain meaning of section 16.10, subdivision (d) that school term employment was "continuous service" entitling such employees to full annual vacations under charter section 8.440, subdivision (a) was unaffected by section 16.11, subdivision (b).

■ The city's argument that it is unreasonable to allow school term employees full vacations is found invalid. The determination of reasonableness was confided by the city's charter in its board of supervisors who, as pointed out, shall "administer, interpret and regulate" the vacation provisions of the charter. We may not say, as a matter of law, that the board's determination was unreasonable.

■ We observe that before the instant dispute arose the city's counsel advised it as follows: "Your request calls for an interpretation of what constitutes continuous service for school term employees. 'Continuous service' as that term is used in the vacation ordinance is defined under Section 16.10(d) of the Administrative Code as follows: '(d) "Continuous service for the first five years of service" shall be considered to be continuous if during such period there is no permanent separation from the service.' . . . [¶] Section 8.440(a) of the Charter provides that as long as a person continues in his employment, he shall be entitled to a vacation of ten days after one year's continuous service. The employment relationship of a school term employee is continuous even though such employee does not perform actual service during periods of school vacation. Therefore, it is my opinion that a school term employee attains one year's continuous service on the first anniversary of appointment and at that time qualifies for a first annual vacation of ten days in accordance with Section 8.440(a) of the Charter."

The advice was apparently rejected by the city or one of its agencies.

We conclude from all of the foregoing that the superior court correctly resolved the issue before it, and that the judgment should be affirmed.

The resolution of other points raised by the parties is found unnecessary to our disposition of the appeal.

The judgment is affirmed.

Racanelli, P. J., and Draper, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.