[No. A026252. First Dist., Div. Four. May 15, 1986.]

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 390/400,
Plaintiff and Respondent, v.
BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Defendants and Appellants.

**COUNSEL**

George Agnost, City Attorney, Burk E. Delventhal and Mara E. Rosales, Deputy City Attorneys, for Defendants and Appellants.

Duane W. Reno, Susanne L. Clerc and Davis & Reno for Plaintiff and Respondent.

**OPINION**

**POCHÉ, J.**—Appellants, the City and County of San Francisco, its board of supervisors (board), and its superintendent of schools, appeal from a peremptory writ of mandate compelling them to award vacation with pay to classified employees of the San Francisco Unified School District in accordance with the formula set forth in section 8.440, subdivision (a) of the San Francisco City Charter (charter).

The instant case is the second attempt by appellants to award vacation pay to classified school employees, whose work assignments do not include summer, Easter and Christmas vacations, at a rate different than that provided for by the charter. The first attempt was found invalid by Division One of this court in *Civil Service Assn.* v. *City and County of San Francisco* (1978) 79 Cal.App.3d 540 [144 Cal.Rptr. 895]. The second attempt fared no better before the trial court. We affirm.

I.

Subdivision (a) of section 8.440 of the charter specifies that every person employed by the city and county shall be allowed a vacation with pay

annually "as long as he continues in his employment," computed as follows: (1) ten working days after one year of continuous service; (2) fifteen working days after five years of continuous service; and (3) twenty working days after fifteen years of continuous service. For employees working less than a five-day work week, the charter provides that their vacation pay shall be computed "proportionately." (*Id.,* subd. (c).) The charter empowers the board to "enact any and all ordinances necessary to administer, interpret and regulate" subdivisions (a) through (f) of section 8.440. (*Id.,* subd. (g).)[1]

On June 15, 1981, the board enacted Ordinance No. 316-81 (the Vacation Ordinance), which was signed by the mayor and became effective January 2, 1982. The Vacation Ordinance defines "'[c]ontinuous service'" for vacation purposes as "service pursuant to a regular schedule which is not interrupted by a breach in paid service." (S.F. Admin. Code, § 16.10, subd. (a).)[2] The Vacation Ordinance specifically includes classified school employees within its definition of continuous service for it provides that continuous service "shall not be deemed to have been breached: [¶] . . . by a

---

[1]Section 8.440 of the San Francisco Charter provides in pertinent part: "(a) Every person employed in the city and county service shall be allowed a vacation with pay annually, as long as he continues in his employment, as follows: [¶] (1) After one year's continuous service, ten working days. [¶] (2) After five years' continuous service, fifteen working days. [¶] (3) After fifteen years' continuous service, twenty working days. [¶] (b) Employees may elect not to take their entire vacation in any one year and in such event may accumulate the days allowable and not taken for use at some future time, provided, however, that no employee may accumulate unused vacation allowance in excess of thirty working days regardless of length of service. [¶] (c) In computing vacation pay, no employee shall be considered to work more than five days each week. Vacation pay for employees working less than a five day week shall be computed proportionately. [¶] (d) If a holiday occurs during such employee's vacation, and the employee would as a matter of law have been entitled to said day as a regular day off, such holiday shall not be considered a day of vacation chargeable to the employee's vacation allowance. [¶] (e) The time when vacations are to be taken shall be at the convenience of the principal executive, with due regard for seniority. [¶] (f) An employee with one year or more of service who ceases to be employed by the city and county and who has neither received nor waived his current annual vacation allowance shall receive a pro-rata payment for all service performed since January 1 of the calendar year in which he ceases to be employed, together with an amount equivalent to any accumulated vacation allowances due him. [¶] (g) The board of supervisors shall enact any and all ordinances necessary to administer, interpret and regulate the provisions of subsections (a) through (f) of this section."

[2]The Vacation Ordinance defines "'[c]ontinuous service'" as "service pursuant to a regular schedule which is not interrupted by a breach in paid service. The service of employees who are appointed for part-time as needed work and not assigned to a regular schedule shall not constitute 'continuous service' for vacation purposes. Any dispute over whether an employee is assigned to a regular or irregular schedule shall be finally decided by the Civil Service Commission." (S.F. Admin. Code, § 16.10, subd. (a).)

All references to the San Francisco Administrative Code are to the version enacted by the Vacation Ordinance, effective January 2, 1982.

permanent school term employee because of a period when schools are not normally in session . . . ." (S.F. Admin. Code, § 16.11, subd. (a)(2).) Thus under the terms of the Vacation Ordinance, even though classified school term employees are not at their job sites during the school holidays, they are deemed to be in continuous service throughout the entire calendar year.

The Vacation Ordinance does not award vacation with pay to employees in continuous service in accordance with the formula specified by the charter (e.g., ten working days after one year of continuous service). Instead, the Vacation Ordinance awards vacation with pay annually on a percentage basis for each hour of *paid service*. (S.F. Admin. Code, § 16.11, subd. (d).) It thus provides: "An employee who has completed one year of continuous service shall accrue a vacation allowance at the rate of .0385 of an hour for each hour of paid service. An employee who has completed five years of continuous service shall accrue a vacation allowance at the rate of .0577 of an hour for each hour of paid service. An employee who had completed 15 years of continuous service shall accrue a vacation allowance at a rate of .077 of an hour for each hour of paid service." (S.F. Admin. Code, § 16.11, subd. (d).)

Simple mathematics reveals that under this scheme an employee who works a 40-hour work week throughout the calendar year will receive the exact amount of vacation pay awarded by the charter. Not so, however, for the classified school employees.

While nothing in the definition of "paid service" expressly states that classified school employees are not in "paid service" during the school holidays (see S.F. Admin. Code, § 16.10, subd. (a))[3] the parties agree that such is the case. Accordingly, the effect of the Vacation Ordinance upon this group of employees is that even though they fall within the Vacation Ordinance's definition of continuous service during their employment they do not receive vacation with pay at the rate afforded by section 8.440, subdivision (a) of the San Francisco Charter. The reason is plain: they are not deemed to be in paid service during the summer, Easter, and Christmas vacations and therefore do not accumulate annually the same number of

---

[3]The Vacation Ordinance defines "'[p]aid service'" as "paid service with the city and county of San Francisco or the San Francisco Unified School District or the Community College District, as applicable, and includes overtime for employees who are eligible for overtime pay . . . except that no employee shall be credited with more than 2080 hours of paid service in any calendar year for purposes of computing the vacation allowance." (S.F. Admin. Code, § 16.10, subd. (c).)

hours of paid service as those employees who work during the school holidays.

Appellants concede that under the new formula classified school employees receive fewer days of vacation with pay than is afforded by the charter. They also concede that the new formula cannot be applied to classified employees hired prior to the effective date of the Vacation Ordinance. But, it is their position that the new formula may be applied to classified school employees hired after the effective date of Vacation Ordinance, because the charter empowers the board to "administer, interpret and regulate" the vacation charter provision. (S.F. Charter, § 8.440, subd. (g).)

## II.

As we have noted, the instant case is not the first attempt by appellants to award vacation with pay to classified school employees at a rate different than that provided by the charter. In *Civil Service Assn.* v. *City and County of San Francisco, supra,* 79 Cal.App.3d 540, Division One of this court reviewed a different scheme.

Under the vacation ordinance at issue in *Civil Service Assn.,* classified school employees were deemed to be in continuous service even though they did not work during the school holidays. (*Id.,* at pp. 543-544.) The city, however, attempted to apply to them a provision of the vacation ordinance, which reduced the total annual vacation allowance by $\frac{1}{12}$th "'for each twenty-six accumulated *working days of absence* without pay since the last vacation, . . .'" (*Id.,* 79 Cal.App.3d at p. 544, italics in original.) In answering the city's contention that that provision of the vacation ordinance denied full vacation with pay to classified school employees, Justice Elkington, writing for the court, stated: "It will thus be seen that section 16.11, subdivision (b) applies only to *working days* during which an employee of the city may be absent from his job. The days of unemployment here at issue were obviously, and concededly, not working days; they were the *nonworking days* of the city's school year vacation periods. The plain meaning of section 16.10, subdivision (d) that school term employment was 'continuous service' entitling such employees to full annual vacations under charter section 8.440, subdivision (a) was unaffected by section 16.11, subdivision (b)." (At p. 545, italics in original.)

Under the Vacation Ordinance at issue here, the "working days of absence without pay" scheme has been disregarded and replaced by the days of paid service scheme. (S.F. Admin. Code, § 16.11, subd. (d).)

Nevertheless, the effect of the Vacation Ordinance upon classified school employees is the same; even though this group of employees is deemed to be in continuous service throughout the calendar year, the school holidays notwithstanding, they are not awarded the number of vacation with pay days afforded under the charter to continuous employees.

Appellants argue that the enactment of section 16.11, subdivision (d), is a legitimate exercise of the board's power to "administer, interpret and regulate" the vacation provisions of the charter. (S.F. Charter, § 8.440, subd. (g), see fn. 1, *ante*.)

We agree with appellants that subdivision (g) of section 8.440 gives them the power to "administer, interpret and regulate" subdivision (a) of section 8.440 which reads: "Every person employed in the city and county service *shall be allowed* a vacation with pay annually, as long as he continues in his employment as follows: [¶] (1) After one year's continuous service, *ten working days. . . .*" (Italics added.) The question becomes, what part of this provision is the board empowered to interpret?

Certainly, it is empowered to interpret the term "continuous service," as it has done in the Vacation Ordinance. We find nothing in the charter which empowers the board to interpret *the amount* of vacation with pay to be afforded to an employee in continuous service. To the contrary, we read the charter provision as mandating the amount of vacation with pay to be awarded to these employees. In other words, the charter gives the board the power to administer, interpret and regulate subdivision (a) of section 8.440, but once it defines continuous service to include a class of employees, it cannot by ordinance award vacation with pay at a rate different than that afforded by the charter.

The city charter represents the supreme law of the City and County of San Francisco, subject only to conflicting provisions in the California and United States Constitutions, or to preemptive state or federal law. (*Harman v. City and County of San Francisco* (1972) 7 Cal.3d 150, 161 [101 Cal.Rptr. 880, 496 P.2d 1248].) The charter supersedes all municipal laws, ordinances, rules or regulations inconsistent with its provisions. (*Ibid.;* accord *Stuart v. Civil Service Com.* (1985) 174 Cal.App.3d 201, 206 [219 Cal.Rptr. 770].) We thus agree with the trial court that the formula for calculating vacation with pay under the Vacation Ordinance as applied to classified school employees violates section 8.440, subdivision (a) of the charter.

The judgment is affirmed.

Anderson, P. J., concurred.

**SABRAW, J.**—I dissent.

Section 8.440, subdivision (a) of the San Francisco Charter provides an annual vacation with pay for city and county employees as follows: "after one year's continuous service, ten working days. . . ." The majority concedes that the board of supervisors is empowered to interpret the charter and hence to interpret the partial phrase "continuous service" but observes that "ten working days" brooks no interpretation—it means what it says— ten days is ten days. So far so good and I concur. But at this point we part company. I would conclude that the board is empowered to interpret the full phrase "one year's continuous service" and has in fact done so by enacting section 16.11, subdivision (d) of the vacation ordinance which provides: "An employee who has completed *one year of continuous service* shall accrue vacation at the rate of .0385 of an hour for each hour of paid service." (Italics added.) The board has thus interpreted "one year of continuous service" for vacation purposes to mean 2,080 hours, which calculates out one year as comprising 40 hours per week for 52 weeks. This interpretation is further consistent with the vacation ordinance definition of "paid service" in section 16.10, subdivision (c) which provides that "No employee shall be credited with more than 2080 hours of paid service in any calendar year for purposes of computing vacation allowance."

Charter section 8.440 clearly contemplates a pro rata award of benefits to employees who work less than full time. Subdivision (a) provides that benefits be awarded based upon the number of "years' continuous service." Subdivision (c) mandates the upper limit of vacation pay to be awarded: "In computing vacation pay, no employee shall be considered to work more than five days each week. . . ." It also addresses vacation benefits for the part-time worker: "Vacation pay for employees working less than a five day week shall be computed proportionately." It is completely reasonable and consistent therewith for the board of supervisors to have interpreted this section to mandate a pro rata award of vacation pay based upon the number of hours actually worked.

Under the authority expressly given to the board of supervisors by section 8.440, subdivision (g) of the charter to "administer, interpret and regulate" the board has selected a fair, evenhanded vacation formula totally consistent with the objectives of section 8.440 of the charter and should be upheld. I would reverse the judgment of the trial court which set aside the method

selected by the board of supervisors for calculation of employee vacations under its vacation ordinance.

Appellants' petition for review by the Supreme Court was denied August 28, 1986.